

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-61,939-01 and WR-61,939-02

### IN RE DAVID DOW AND JEFFREY R. NEWBERRY, Respondents

### ORDER ON SHOW CAUSE AND CONTEMPT HEARING FOR UNTIMELY
### FILED DOCUMENTS IN APPLICANT PAREDES'S CASE
### FROM CAUSE NO. 2000-CR-6067B
### IN THE 399TH JUDICIAL DISTRICT COURT
### BEXAR COUNTY

*Per curiam*. ALCALA, J., dissents to the extent that she would place Dow on probationary status for two years and fine him $1,000.00.

### O R D E R

Applicant Miguel Angel Paredes was set for execution on Tuesday, October 28, 2014. Counsel filed a subsequent application on applicant's behalf in the trial court at 1:46 p.m., October 21, 2014. Related to that subsequent application, applicant filed in this Court at 12:37 p.m. on October 21, 2014, a motion to stay his execution. He also filed in this Court on October 21, 2014, a suggestion that we *sua sponte* reconsider our denial of relief in applicant's initial writ, and a second motion to stay his execution. *See*

*Ex parte Paredes*, No. WR-61,939-01 (Tex. Crim. App. Aug. 31, 2005)(not designated for publication). After considering each pleading, this Court denied applicant's suggestion that we reconsider the initial writ application, dismissed the subsequent writ application pursuant to Article 11.071 § 5, and denied both motions to stay the execution.

Pursuant to our Miscellaneous Rule 11-003 setting out the requirements and possible consequences of filing pleadings within the seven days preceding an applicant's execution, respondent counsel David Dow filed, with the untimely pleadings, two identical explanations for the untimely filings. Respondent counsel Jeffrey Newberry neither signed respondent Dow's explanations nor did he timely file his own explanations. Only after this Court issued a show cause order did respondent Newberry file an explanation which verbatim tracked respondent Dow's filed explanations.

Before taking any action pursuant to Miscellaneous Rule 11-003, this Court ordered respondents Dow and Newberry to appear before it at 9:00 a.m. on Wednesday, January 14, 2015, to offer further explanation and address any questions propounded by the Court about the matter. After hearing from respondents and considering the record in the case, the Court has determined that respondents David Dow and Jeffrey Newberry have failed to show good cause for the untimely filings or why they should not be sanctioned. Therefore, we find respondents Dow and Newberry to be in contempt of this Court.

Before determining what sanctions should issue, this Court took note of a June 9,

2010 order in the case of death row inmate Danielle Simpson, case number WR-57,060-03, in which the Court sanctioned respondent Dow for violating the predecessor rule to Miscellaneous Rule 11-003.[1]  In that case, the Court made the following ruling:

> After hearing from counsel and considering the record in the case, the Court has determined that counsel David Dow has failed to show good cause for the untimely filing. The Court will take no action at this time against David Dow.  However, should Dow again violate this Court's Miscellaneous Rule 08-101 without good cause, a sanction could result in a suspension from practicing before this Court.

Having previously admonished respondent Dow that a future violation could result in a suspension from practicing before this Court, this Court now suspends respondent Dow from practicing before this Court for a period of one year.  Should respondent Dow be counsel of record on any cases pending before this Court as of this day or be counsel of record on any cases filed in the trial courts that are returnable to this Court, he is ordered to provide this Court with a list of those cases within 30 days.  Further, respondent Dow will be required to file a motion for leave to file or appear before taking further action on those cases in this Court during the suspension period.

Respondent Newberry is ordered to pay a fine in the amount of $250.00, which fine is probated for a period of one year.  If respondent Newberry does not again violate this Court's Miscellaneous Rule 11-003 without good cause within that one year period, the fine will be dismissed and no further sanctions will issue.  Should respondent

---

[1]  Miscellaneous Rule 08-101.

Newberry again violate this Court's Miscellaneous Rule 11-003 without good cause within that one year period, the fine will be immediately payable to the Clerk of this Court, and further sanction may include respondent Newberry being suspended from practicing before this Court for a period of time to be determined by this Court.

IT IS SO ORDERED THIS THE 14th DAY OF JANUARY, 2015.


Do Not Publish